**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA**

Robert A. Toto,                                         Case No.:
     Plaintiff,

vs.

Windermere Estates at Wiregrass Ranch
Townhome Association, Inc.,
Leland Management, Inc., and
Western Alliance Bancorporation,
Inframark, LLC,
     Defendants.

_____/

## COMPLAINT

Plaintiff Robert A. Toto, by and through his attorneys, Moffa, Sutton, & Donnini, P.A., brings this action against Defendants Windermere Estates at Wiregrass Ranch Townhome Association, Inc., Leland Management, Inc., Western Alliance Bancorporation, and Inframark, LLC, and alleges as follows:

## PARTIES

1. Plaintiff Robert A. Toto ("Plaintiff") is a resident of Pasco County, Florida.

2. Defendant Windermere Estates at Wiregrass Ranch Townhome Association, Inc. ("Windermere Estates") is a Florida not-for-profit corporation with its principal address at 6972 Lake Gloria Boulevard, Orlando, Florida 32809.

1

3. Defendant Leland Management, Inc. ("Leland Management") is a Florida corporation with its principal address at 6972 Lake Gloria Boulevard, Orlando, Florida 32809.

4. Defendant Inframark, LLC, ("Inframark") is a Delaware limited liability company with its principal address at 2002 West Grand Parkway North, Suite 100, Katy, Texas 77449.

5. Defendant Western Alliance Bancorporation ("Western Alliance") is a Delaware corporation with its principal place of business at 1 East Washington Street, Suite 1400, Phoenix, Maricopa County, Arizona 85004.

6. Windermere Estates, Leland Management, and Western Alliance, collectively, are hereinafter referred to as "Defendants."

## JURISDICTION AND VENUE

7. This is an action against the Defendants for damages in excess of $75,000.00, excluding attorney's fees and costs. In addition, this action seeks declaratory and injunctive relief, and arises under Florida statutory law, including but not limited to Chapter 720, Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act, and the Florida Civil Rights Act, as well as federal law, including the Fair Housing Act, Americans with Disabilities Act, and Fair Debt Collection Practices Act, all of which confer jurisdiction on this Court.

8. This Court's exercise of jurisdiction over Defendants comports with due process principles in that the Defendants have sufficient minimum contacts with the State of Florida.   Jurisdiction over the Defendants is proper because Windermere Estates is a Florida not-for-profit corporation operating and conducting business in Pasco County, Florida; Leland Management is a corporation managing the Windermere Estates community in Pasco County, Florida; and Western Alliance conducts business in Florida by processing payments for the Association and its members, including Plaintiff, in connection with property located in Pasco County, Florida. The acts and omissions giving rise to Plaintiff's claims occurred in Pasco County, Florida, and concern property located in Pasco County, Florida.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1339 and Middle District Local Rule 1.02 and 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

## GENERAL ALLEGATIONS

10. On or about March 26, 2021, the Plaintiff purchased the property located at 30175 Southwell Lane, Wesley Chapel, Florida, within the Windermere Estates at Wiregrass Ranch community.

3

11. Prior to and at the time of purchases, Plaintiff was and is a disabled veteran whose financial affairs are administered by a fiduciary appointed by the U.S. Department of Veterans Affairs.

12. Inframark was the property management company for Windermere Estates from approximately 2023 through June 2025.

13. Windermere Estates is currently managed by Leland Management.

14. Western Alliance is involved in processing monthly homeowners' association payments for Windermere Estates.

15. Plaintiff remits his monthly homeowners association due payment by written check by issued by his VA fiduciary and sends out such via USPS or UPS to the Alliance Processing Center at the designated payment address.

16. Plaintiff maintains contemporaneous records, including certified mail receipts and UPS and USPS tracking data, to confirm timely delivery of each payment.

17. Despite timely mailing and verified delivery, Leland Management and/or Western Alliance have routinely delayed posting payments to Plaintiff's account for several days and often more than two (2) weeks after receipt.

18. As a result of these delays, Plaintiff has been assessed $25 late fees on multiple occasions, including on or about February 10, 2026, March 10, 2026, April 10, 2026, and May 10, 2026.

19. Plaintiff has also been served with Notices of Late Assessment on these delayed posted payments.

20. Additionally, Plaintiff has been charged administrative and/or collection fees.

21. Plaintiff has also been assessed interest on monthly dues that were paid timely and received timely.

22. The delay in posting Plaintiff's payments is attributable to the acts, omissions, policies, or practices of Leland Management, Western Alliance, and/or Windermere Estates, and not to any failure by Plaintiff.

23. Plaintiff received landscape authorization from former Association president Betty Valenti ("Valenti") in or about late 2021.

24. The landscape changes approved by Valenti have been on Plaintiff's property for nearly five years and are not newly installed.

25. The Association has selectively enforced alleged landscape violations against Plaintiff while allowing other homeowners to maintain similar

landscaping on their property without violations or approval of the Architectural Control Committee.

26. The Association required Plaintiff to remove a medically necessary bench approximately four years after it was installed at the direction of the U.S. Department of Veterans Affairs to address Plaintiff's physical limitations.

27. Plaintiff was forced to remove his bench from his property after it was installed pursuant to the VA due to his physical limitations.

28. The Association, through its representative or agent, has been observed at Plaintiff's property looking into windows on more than one occasion.

29. This surveillance or observation into Plaintiff's private residence was conducted without authority under Chapter 720.

30.  The Association and its individual board members have imposed fines and threatened to place lien(s) on Plaintiff's property while continuing to selectively enforce the governing documents.

31. The Association has issued threats, retaliatory fines, liens, abusive enforcement, or surveillance to coerce payment or silence Plaintiff.

32. Plaintiff has received Notices of Intent to Lien and other collection correspondence issued in connection with the charges described above.

## CAUSES OF ACTION

### COUNT I – Discrimination in the Sale or Rental of Housing (Against Defendants Windermere Estates, Leland Management)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants have engaged in conduct that discriminated against Plaintiff, a disabled veteran, in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(1).

35. Specifically, the Association through its agents, Inframark and Leland Management have sent letters to the Plaintiff requiring the removal of a bench from the Property as necessitated by his disability.

### COUNT II – Failure to Make Reasonable Accommodation (Against Defendants Windermere Estates, Inframark, and Leland Management)

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

37. Defendants failed to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff equal opportunity to use and enjoy his dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

38.  Specifically, the Association through its agents, Inframark and Leland Management have sent letters to the Plaintiff requiring the removal of a bench from the Property as necessitated by his disability.

39. The Association has a community pool in which is available to all residents, including renters in the Association which lacks an ADA-compliant fixed lift or sloped entry as required by § 242.2.

40.  The failure of the Association to provide an accessible means of entry for its community swimming pool as required by the 2010 ADA Standards for Accessible Design § 242.2 ("ADA Standards") is a barrier that denies the Plaintiff access to the Association's pool facilities in violation of § 242.2.

## COUNT III – Interference, Coercion, or Intimidation (Against Defendants Windermere Estates, Inramark, and Leland Management)

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

42. Defendants interfered with Plaintiff's exercise or enjoyment of rights granted or protected by the Fair Housing Act, and coerced, intimidated, threatened, or interfered with Plaintiff on account of his having exercised such rights, in violation of 42 U.S.C. § 3617.

## COUNT IV – Unfair Practices (Against Defendants Inframark, Leland Management, and Western Alliance)

8

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

44. Defendants, as debt collectors, used unfair or unconscionable means to collect or attempt to collect any debt, including collecting amounts not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1).

### COUNT V – Harassment or Abuse (Against Defendants Leland Management, Western Alliance)

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

46. Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d(1).

### COUNT VI – Validation of Debts (Against Defendants Leland Management, Western Alliance)

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

48. Defendants failed to provide Plaintiff with the required notice containing the amount of the debt, the name of the creditor, and a statement of Plaintiff's rights to dispute the debt, in violation of 15 U.S.C. § 1692g(a).

## COUNT VII – Prohibition of Discrimination by Public Accommodations (Against Defendant Windermere Estates)

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

50. Defendant Windermere Estates discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, in violation of 42 U.S.C. § 12182(a).

## COUNT VIII – Property Rights of Citizens (Against Defendants Windermere Estates, Leland Management)

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

52. Defendants interfered with Plaintiff's right to inherit, purchase, lease, sell, hold, and convey real and personal property, in violation of 42 U.S.C. § 1982.

## COUNT IX – Payment for Assessments; Lien Claims (Against Defendants Windermere Estates, Leland Management, Western Alliance)

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

54. Defendants imposed late fees, interest, and costs on Plaintiff's account when assessments were not actually delinquent, in violation of Fla. Stat. § 720.3085(3).

### COUNT X – Assessments and Charges (Against Defendants Windermere Estates, Leland Management)

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

56. Defendants imposed assessments and charges not authorized by the governing documents or applicable law, in violation of Fla. Stat. § 720.308(a).

### COUNT XI – Association Powers and Duties; Official Records (Against Defendant Windermere Estates)

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

58. Defendant failed to maintain and make available for inspection the official records of the association, including financial and enforcement records, in violation of Fla. Stat. § 720.303(4)(a).

### COUNT XII – Discrimination in the Sale or Rental of Housing (Against Defendant Windermere Estates)

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

60. Defendant discriminated against Plaintiff in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability, in violation of Fla. Stat. § 760.23(2).

## COUNT XIII – Failure to Make Reasonable Accommodation (Against Defendant Windermere Estates)

61. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

62. Defendant failed to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff equal opportunity to use and enjoy his dwelling, in violation of Fla. Stat. § 760.23(8).

## COUNT XIV – Interference, Coercion, or Intimidation (Against Defendant Windermere Estates)

63. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

64. Defendant coerced, intimidated, threatened, or interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by the Florida Fair Housing Act, in violation of Fla. Stat. § 760.23(9)(a).

## COUNT XV – Retaliation (Against Defendant Windermere Estates)

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

66. Defendant retaliated against Plaintiff for exercising rights protected under the Florida Fair Housing Act, in violation of Fla. Stat. § 760.23(9)(b).

### COUNT XVI – Unlawful Acts and Practices (Against Defendants Windermere Estates, Leland Management, Western Alliance)

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

68. Defendants engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Fla. Stat. § 501.204(1).

### COUNT XVII – Violations Involving a Person with a Disability and Military Servicemember (Against Defendants Windermere Estates, Leland Management, Western Alliance)

69. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

70. Defendants' violations of the Florida Deceptive and Unfair Trade Practices Act were committed against Plaintiff, a person with a disability and a military servicemember, triggering enhanced civil penalties and presumptions under Fla. Stat. §§ 501.2077(2) and (3).

### COUNT XVIII – Prohibited Practices Generally (Against Defendants Leland Management, Western Alliance)

71. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

72. Defendants asserted the existence of a legal right to collect fees and charges when they knew such right did not exist, in violation of Fla. Stat. § 559.72(10).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert A. Toto respectfully requests that this Court:

1. Declare that Defendants Windermere Estates at Wiregrass Ranch Townhome Association, Inc., Leland Management, Inc., Inframark, LLC, and Western Alliance Bancorporation violated Plaintiff's rights under the Fair Housing Act, Americans with Disabilities Act, Florida Fair Housing Act, Florida Deceptive and Unfair Trade Practices Act, Florida Homeowners' Association Act, and the Fair Debt Collection Practices Act, as set forth in the Complaint.

2. Enjoin Defendants Windermere Estates at Wiregrass Ranch Townhome Association, Inc., Leland Management, Inc., and Western Alliance Bancorporation from engaging in further discriminatory, retaliatory, harassing, or unfair practices against Plaintiff, including but not limited to selective enforcement, denial of reasonable accommodation, improper assessment of fees, and unlawful collection practices.

3. Direct Defendants Windermere Estates at Wiregrass Ranch Townhome Association, Inc., Leland Management, Inc., and Western Alliance Bancorporation

to reverse and refund all late fees, administrative fees, collection fees, and interest improperly assessed against Plaintiff's account, and to correct all records to reflect that Plaintiff's payments were timely made and delivered.

4. Award Plaintiff Robert A. Toto compensatory damages against Defendants Windermere Estates at Wiregrass Ranch Townhome Association, Inc., Leland Management, Inc., and Western Alliance Bancorporation in an amount to be determined at trial for actual losses, including but not limited to out-of-pocket expenses, emotional distress, and other non-economic damages resulting from Defendants' conduct.

5. Award Plaintiff Robert A. Toto statutory damages as permitted by 15 U.S.C. § 1692k, Fla. Stat. § 501.211, and other applicable statutes, against Defendants Leland Management, Inc. and Western Alliance Bancorporation, in an amount to be determined at trial.

6. Award Plaintiff Robert A. Toto enhanced civil penalties as permitted by Fla. Stat. § 501.2077(2)-(3) against Defendants Windermere Estates at Wiregrass Ranch Townhome Association, Inc., Leland Management, Inc., Inframark, LLC, and Western Alliance Bancorporation, for violations involving a person with a disability and a military servicemember.

15

7. Award Plaintiff Robert A. Toto reasonable attorneys' fees, expert witness fees, and costs of suit as authorized by 42 U.S.C. § 3613(c)(2), 15 U.S.C. § 1692k(a)(3), Fla. Stat. § 501.2105, Fla. Stat. § 760.11(5), and other applicable law.

8. Award Plaintiff Robert A. Toto prejudgment and post-judgment interest as permitted by law.

9. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable by right.

Dated: June 19, 2026

Respectfully submitted,

*/s/ Heather Cherepkai*
Moffa, Sutton, & Donnini, P.A.
Heather Cherepkai
Florida Bar No.: 728977
Primary: heathercherepkai@floridabusinesslawyer.com
Secondary: yolandadenato@floridabusinesslawyer.com
8875 Hidden River Parkway, Suite 110
Tampa, Florida 33637
813-939-3227

16

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 1.08 and Local Rule 3.01(g) of the Middle District of Florida, I certify that this document complies with the formatting requirements set forth by the Local Rules, including the use of Book Antiqua 13-point font and double-spacing throughout the document.

Dated: June 19, 2026

Respectfully submitted,

*/s/ Heather Cherepkai*
Moffa, Sutton, & Donnini, P.A.
Heather Cherepkai
Florida Bar No.: 728977
Primary: heathercherepkai@floridabusinesslawyer.com
Secondary: yolandadenato@floridabusinesslawyer.com
8875 Hidden River Parkway, Suite 110
Tampa, Florida 33637
813-939-3227